IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS H. NANNAY | : | CIVIL ACTION |
| | : | NO. 09-00370 |
| v. | : | |
| | : | |
| AKER PHILADELPHIA SHIPYARD, INC. | : | |
| | : | |
| and | : | |
| | : | |
| BOILERMAKERS LOCAL 19 | : | |

O'NEILL, J.                                                                                           MAY 10, 2010

## MEMORANUM

Presently before me is defendant Aker Philadelphia Shipyard's motion to dismiss Count II of the complaint and plaintiff Thomas H. Nannay's response. For the following reasons, I will grant defendant's motion.

## BACKGROUND

During the time period relevant to this case, plaintiff was an employee of Aker and a dues-paying member of Boilermakers Local 19. On May 12, 2008, plaintiff was given a "slip #1 warning" and placed on disciplinary probation as a result of an unspecified rules violation.[1] On July 24, 2008, plaintiff asked his supervisor if he could cancel upcoming overtime hours he had voluntarily scheduled. When his supervisor informed him that it was too late to cancel, he asked if he could speak with his union steward about his concern. His supervisor instructed him to wait twenty minutes until his lunch hour began to have the conversation. Plaintiff allegedly disregarded his supervisor's order and immediately sought out his union steward. On the same day, he returned from his lunch hour five minutes late.

---

[1]     The record does not reveal the precise nature of the violation.

As a result of these two violations of Aker's rules, plaintiff received a "slip #3 warning," and was terminated from his position. He was informed that his dual infractions would ordinarily have warranted only a "slip #2 warning" but the fact that he was on slip #1 probation enhanced his sanction to slip #3 and, consequently, termination.

Immediately thereafter, Local 19 filed a grievance challenging plaintiff's termination. On September 8, 2008, however, in a letter written by David Gaillard, the president of Local 19, the union informed plaintiff that it had withdrawn plaintiff's case from arbitration "for lack of merit." He cited four reasons in support of Local 19's decision:

> 1. In a telephone conversation we had you stated, "you didn't think you would be a good witness for yourself and was [sic] hesitant about going forward", your wife told me to go forward with the case, but, your [sic] the union member.
> 2. The charge of "refusal to obey orders" holds because you didn't return to work when the supervisor told you to see a Stewart [sic] at lunch time, instead you went to the tool crib and had someone radio for a Stewart [sic] knowing that all supervisors have radios and can hear what is being transmitted.
> 3. You returned late from lunch on that same day and was [sic] basically charged with theft of time.
> 4. You were written up on 5/12/08 and was [sic] on a 90-day probation when this infraction occurred.

Compl., Exh. P-2.

On October 10, 2008, in a letter to Local 19, plaintiff's attorney Dennis L. Friedman responded to each of the four reasons. He then requested clarification of whether the case had actually been withdrawn. On October 22, 2008, Local 19 informed Friedman that the case had been withdrawn and that it "stands by its decision that the case lacked merit . . . ." Compl., Exh. P-4.

2

On January 27, 2009, plaintiff filed this "hybrid" lawsuit. This type of lawsuit is referred to as hybrid because plaintiff has sued both his union, Local 19, and his employer, Aker. See Delcostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983); Bullock v. Dressel, 435 F.3d 294, 300 (3d Cir. 2006). Specifically, he alleges in Count I[2] that Local 19 breached its duty of fair representation in violation of 29 U.S.C. § 151 and in Count II that Aker breached its collective bargaining agreement with Local 19 in violation of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[3] On April 21, 2009, Aker filed a motion to dismiss Count II of plaintiff's complaint. On May 5, 2009, plaintiff responded in opposition to the motion to dismiss.[4] I have jurisdiction of this matter pursuant to 28 U.S.C. § 1331. The motion is fully briefed and presently ripe for disposition.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief

---

[2] Count I of the complaint originally alleged that both Local 19 and the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers breached their duties of fair representation. On June 12, 2009, however, the complaint against the International Brotherhood was dismissed by stipulation of the parties.

[3] The complaint asserts that Local 19's duty of fair representation arises from 29 U.S.C. § 185. Compl. ¶ 24. In fact, the duty arises from 29 U.S.C. § 151. See Bullock, 435 F.3d at 300. The incorrect citation makes no difference at this stage, though, because the complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[4] On April 12, 2010, this case was reassigned to me from the docket of a colleague.

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11 (quoting Iqbal, 129 S. Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

DISCUSSION

In order to succeed on his section 301 claim against Aker for breach of the collective bargaining agreement, plaintiff must show that Local 19 breached its duty of fair representation. See Vadino v. A. Valey Eng'rs., 903 F.2d 253, 261 (3d Cir. 1990) (citing Breininger v. Sheet Metal Workers Int'l Assoc. Local Union No. 6, 493 U.S. 67, 82 (1989)) ("the Supreme Court has made it clear that 'an allegation that the union had breached its duty of fair representation [is] a necessary component of the § 301 claim against the employer.'"). Aker argues that Count II should be dismissed because plaintiff has not alleged any facts that would allow a reasonable jury to conclude that Local 19 breached its duty of fair representation. It argues that plaintiff's disagreement with Local 19's decision not to take his grievance to arbitration is insufficient, by itself, to allege breach of the duty of fair representation.

Plaintiff disagrees. He relies on what he refers to as "[one] significant and dispositive procedural irregularity"–the fact that plaintiff was never issued a slip #2 warning before being issued a slip #3 warning. He asserts that "the procedural requirement of three written warnings (absent special circumstances) is a contractual necessity and so fundamental that any failure to follow the procedure . . . constituted a major breach of the Labor/Management Agreement . . . [,]" see Pl.'s Br. at 3, and that Local 19's failure to pursue arbitration based on this procedural irregularity constituted a breach of Local 19's duty of fair representation.

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."

5

Vaca v. Sipes, 386 U.S. 171, 190 (1967). "There must be substantial evidence of fraud, deceitful action or dishonest conduct." Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Emp. of America v. Lockridge, 403 U.S. 274, 299 (1971). "A union's conduct is arbitrary if it is so far outside a wide range of reasonableness as to be irrational." Vavro v. Gemini Food Markets, Inc., 39 F. Supp. 2d 553, 559 (E.D. Pa. 1999).

On the other hand, a union does not breach its duty of fair representation merely by refusing to bring a grievance to arbitration. See Vaca, 386 U.S. at 190. Indeed, "[a]n employee [] is subject to the union's discretionary power to settle or even to abandon a grievance, so long as it does not act arbitrarily, and this is true even if it can later be demonstrated that the employee's claim was meritorious." Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir. 1970). Proof that the union acted negligently or exercised poor judgment, then, is not enough to support a claim for breach of its duty of fair representation. See id.

My review of the complaint reveals no allegation that Local 19 acted in an arbitrary, discriminatory or bad faith manner. Plaintiff's allegation of breach of the duty of fair representation appears to stem from his disagreement with Local 19's assessment of the strength of his arbitration case. It is not enough, however, for plaintiff to allege merely that the disciplinary process itself was irregular or arbitrary. Instead, plaintiff must allege facts showing that Local 19's decision not to seek arbitration of plaintiff's termination was arbitrary. In other words, plaintiff may believe that the procedural irregularity in his disciplinary process was helpful to his arbitration case but unless Local 19's decision not to seek arbitration was "so far outside the wide range of reasonableness as to be irrational," see Vavro, 39 F. Supp. 2d at 559

6

(defining "arbitrary"), Local 19's decision is not actionable under section 301.[5] Plaintiff has alleged no facts in his complaint that allow a reasonable jury to conclude that Local 19 acted in an arbitrary, discriminatory or bad faith manner. Accordingly, he has failed to state a claim upon which relief could be granted.

CONCLUSION

Because plaintiff has alleged insufficient facts to show that he is entitled to the relief he seeks, I will grant defendant's motion and dismiss Count II of the complaint. Additionally, because Count I of the complaint requires proof of Local 19's breach of its duty of fair representation, Count I will be dismissed as well.[6] I will, however, grant plaintiff leave to file an amended complaint.

An appropriate Order follows.

---

[5] I note also that the fact that plaintiff's disciplinary process was arguably irregular cannot, by itself, support a claim of breach of Local 19's duty of fair representation. The disciplinary process is designed and controlled by Aker. Local 19 plays no role in the process. Accordingly, Local 19 did not cause the procedural irregularity and that procedural irregularity could not have constituted a breach by Local 19.

[6] I acknowledge that there is no pending motion to dismiss Count I of the complaint. Indeed, Local 19 filed an answer to Count I on April 23, 2009. Count I, however, alleges that Local 19 breached its duty of fair representation. In light of my ruling with respect to Count II, plaintiff cannot possibly prevail on Count I. I will therefore sua sponte dismiss Count I as well. See Baker v. U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (citing Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987)) ("a trial court may dismiss a claim sua sponte without notice 'where the claimant cannot possibly win relief.'").